UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

MIAMI DIVISION
Case No.

ALBERTO KOHN,

     Plaintiff,

v.

FIDELITY NATIONAL PROPERTY
INSURANCE & CASUALTY INSURANCE
COMPANY,

     Defendant.

## NOTICE OF REMOVAL

NOW INTO COURT, through undersigned counsel, comes Defendant, FIDELITY

NATIONAL PROPERTY AND CASUALTY INSURANCE COMPANY (improperly named as

Fidelity National Property Insurance & Casualty Insurance Company, hereinafter "Fidelity").

Fidelity is a Write-Your-Own ("WYO") Program carrier participating in the U.S. Government's

National Flood Insurance Program ("NFIP") pursuant to the National Flood Insurance Act of 1968

("NFIA"), as amended,[1] and appears herein in its "fiduciary"[2] capacity as the "fiscal agent of the

United States."[3] Defendants file this Notice of Removal and hereby removes this matter from state

court to the docket of this Honorable Court.  Fidelity respectfully shows as follows:

---

[1]  *See* 42 U.S.C. §4001 *et seq.*

[2]  44 C.F.R. §62.23(f).

[3]  42 U.S.C. §4071(a)(1); *Gowland v. Aetna Cas. & Surety Co.*, 143 F.3d 951, 953 (5th Cir. 1998).

Case No.

I.

On or about March 22, 2010, Plaintiff, Alberto Kohn, filed a lawsuit in 11th Judicial Circuit in and for Dade County, State of Florida, entitled "*Alberto Kohn v. Fidelity National Property and Casualty Insurance Company*," bearing case number 10-17879 CA 04. A true and correct copy of all pleadings filed in the record of the state court proceeding is attached hereto as Exhibit "A."

II.

For the reasons that follow, Fidelity hereby removes this case from state court to this federal court, pursuant to 42 U.S.C. §4072, 44 C.F.R. Pt. 61, App. A(1), Article IX, 28 U.S.C. §1331 and 28 U.S.C. §1367.

A.    **REVIEW OF PLAINTIFF'S COMPLAINT**

1.     In the first unnumbered paragraph, Plaintiff names Fidelity National Property Insurance and Casualty Insurance Company as a Defendant.

2.     At paragraph 4 of the Plaintiff's Complaint, Plaintiff alleges that Policy No. 09 7701146722 02 was in full force and effect at all times material hereto.[4]

3.     At paragraph 6 of the Plaintiff's Complaint, Plaintiff alleges that Policy No. 09 7701146722 02 was issued by Fidelity to Plaintiff to provide coverage for Plaintiff's dwelling located at 3235 NE 207th Terrace, Miami, Florida 33180.

---

[4] Policy No. "09 7701146722 02" is a Standard Flood Insurance Policy ("SFIP") issued to Plaintiff by Fidelity in its capacity as a WYO Program carrier. *See also*, Plaintiff's Exhibit A, Fidelity's "Flood Declarations Page".

Case No.

4.     At paragraph 7 of the Plaintiff's Complaint, Plaintiff alleges that Policy No. 09 7701146722 02 insured Plaintiff against property damage.

5.     At paragraph 8 of the Plaintiff's Complaint, Plaintiff alleges that "[o]n, or about December 18, 2009, a *flood* caused a covered loss in substantial damage to the Plaintiff's property. . . ." (Emphasis added.)

6.     At paragraph 9 of the Plaintiff's Complaint, Plaintiff alleges that he has performed all condition precedent to recover under his flood policy.

7.     At paragraph 10 of the Plaintiff's Complaint, Plaintiff alleges that Fidelity denied Plaintiff's flood loss claim per Exhibit "B" attached to Plaintiff's Complaint.

8.     At paragraph 13 of the Plaintiff's Complaint, Plaintiff alleges that Fidelity failed to evaluate and pay Plaintiff's flood loss claim.

9.     At paragraph 15 of the Plaintiff's Complaint, Plaintiff again alleges that he has met all conditions precedent to his flood loss claim..

10.     At paragraph 16 of the Plaintiff's Complaint, Plaintiff again alleges that he complied with all obligations as set forth in his flood insurance policy..

11.     At paragraph 19 of the Plaintiff's Complaint, Plaintiff alleges that Fidelity breached the contract of insurance placed at issue by Plaintiff.

**B.     THE FEDERAL GOVERNMENT'S RULES AND THE WYO PROGRAM CARRIER'S ROLE**

12.     Congress underwrites all operations of the NFIP through the U.S. Treasury. This includes appropriations for both the adjustment of claims and the payment of those claims. Similarly,

-3-

Case No.

Congress has conferred "rule-making power upon the agency created for carrying out its policy," specifically the Federal Emergency Management Agency ("FEMA").

13.    Fidelity, as a WYO Program carrier, is authorized to issue the Standard Flood Insurance Policy ("SFIP") on behalf of the federal government pursuant to the "Arrangement" between itself and FEMA, set forth at 44 C.F.R. Pt. 62, App. A.

14.    Fidelity cannot waive, alter or amend any of the provisions of the SFIP.  See 44 C.F.R. §61.13(d) and 44 C.F.R. Pt. 61, App. A(1), Art. VII(D)(Oct. 1, 2004 edition).

15.    Further, Fidelity has no authority itself to tailor or alter NFIP policies backed by the government.  44 C.F.R. §62.23.

16.    Fidelity's role, as a WYO Program carrier and as set forth in the Arrangement, is to market, sell, administer, and handle claims under SFIPs that it is authorized to issue on behalf of the federal government.  It is clear that Fidelity, in its WYO capacity, is conducting all of these actions in its fiduciary capacity as the "fiscal agent" of the United States. 44 C.F.R. §62.23(f) and 42 U.S.C. §4071(a)(1).

17.    All claim payments made by a WYO Program carrier, such as Fidelity, under an SFIP are made out of a segregated account containing U.S. Treasury funds, as required by 44 C.F.R. Pt. 62, App. A, Art. III.  The Fifth Circuit has held that "payments made pursuant to that policy are 'a direct charge on the public treasury.'" *Gowland*, 143 F.3d at 955, *citing to In re Estate of Lee*, 812 F.2d 253, 256 (5th Cir.1987).  The Eleventh Circuit analyzed what funds are at stake in the NFIP with regard to claims for interest and noted that "claim payments come out of FEMA's pocket

-4-

Case No.

regardless of how they are paid." *Newton v. Capital Assur. Co., Inc.*, 245 F.3d 1306, 1311 (11th Cir. 2001), *rehearing en banc denied*, 263 F.3d 172 (11th Cir. 2001).

     18.    Effective October 1, 2004, there was a revised "Arrangement" between FEMA and all WYO Program carriers, including Fidelity. In that revised Arrangement, FEMA further clarified its regulations to make clear that, in addition to disputes arising from claims and claims handling, the policy sales and administration are performed by the WYO Program carriers (a) in their fiduciary capacity to the government, (b) utilizing federal funds, and (c) governed by extensive federal regulations.

     19.    Moreover, FEMA stated its view that "any" such litigation states a federal question. Each of these points is now clearly stated within the revised Arrangement, and in the following two paragraphs:

> Whereas, FIA has promulgated regulations and guidance implementing the Act and the Write-Your-Own Program whereby participating private insurance companies act in a fiduciary capacity utilizing federal funds to sell and administer the Standard Flood Insurance Policies, and has extensively regulated the participating companies' activities when selling or administering the Standard Flood Insurance Policies; and

> Whereas any litigation resulting from, related to, or arising from the Company's compliance with the written standards, procedures, and guidance issued by FEMA or FIA arises under the Act, regulations, or FIA guidance, and legal issues thereunder raise a federal question; and . . .

44 C.F.R. Pt. 62, App. A, Article I.

Case No.

20.     The NFIP, the SFIP, and the WYO Program carriers participating in the NFIP are all governed by federal law, not state law. *See West v. Harris*, 573 F.2d 873 (5th Cir. 1978), *cert. denied*, 440 U.S. 946 (1979). In *West*, 573 F.2d at 881, the court stated the following:

> Since the flood insurance program is a child of Congress, conceived to achieve policies which are national in scope, and since the federal government participates extensively in the program both in a supervisory capacity and financially, it is clear that the interest in uniformity of decision present in this case mandates the application of federal law.

## C.     FEDERAL JURISDICTION

### (1).    42 U.S.C. §4072 – Original Exclusive Jurisdiction

21.     42 U.S.C. §4072 conveys "original exclusive" jurisdiction over claims involving administration of and of and claims handling matters under the SFIP.

22.     Plaintiff is aware of the requirement of filing in federal court as SFIP Article VII(R) clearly states that the insured "must file suit in the United States District Court of the district in which the covered property was located at the time of the loss." Certainly Fidelity is not suggesting that jurisdiction can be created by contract, but instead it is pointing out that Plaintiff was fully aware of the requirement of filing in federal court. Further, because the SFIP is a codified federal regulation, Plaintiff is charged with the knowledge of this requirement. *See Federal Crop Ins. Corp. v. Merrill*, 332 U.S. 380, 384-85 (1947).

### (2).    28 U.S.C. §1331 - Federal Question Jurisdiction

23.     Fidelity asserts that the SFIP is a codified federal regulation found in its entirety at 44 C.F.R. Pt. 61, App. A(1) and is governed exclusively by federal laws and the NFIA. As per the terms of the SFIP, "this policy and all disputes arising from the handling of any claim under the policy are

-6-

Case No.

governed exclusively by the flood insurance regulations issued by FEMA, the National Flood Insurance Act of 1968, as amended (42 U.S.C. §4001, et seq.), and federal common law." 44 C.F.R. Pt. 61, App. A(1), Article IX. Because the flood policy and Fidelity's administration of the flood policy must be interpreted using federal common law, federal jurisdiction exists pursuant to 28 U.S.C.§1331.

24.    In order to determine what, if any, U.S. Treasury benefits the Plaintiff may be entitled to receive, the Court will necessarily have to interpret the SFIP itself as well as the federal laws, regulations and statutes governing the SFIP and the administration of the NFIP. Federal common law governs the interpretation of the SFIP, and courts must "interpret the SFIP in accordance with its plain, unambiguous meaning." *Linder & Assoc., Inc. v. Aetna Cas. & Sur. Co.*, 166 F.3d 547, 550 (3rd Cir. 1999). As the SFIP is a federal law, necessarily the interpretation of the SFIP (and the federal laws governing the operation of the NFIP) to determine the coverage provided thereunder based upon rating and zone determinations, and any amounts due under the SFIP would require the interpretation of a federal law which presents a federal question. Thus, there is federal question jurisdiction under 28 U.S.C. §1331, and the case is therefore also removable pursuant to 28 U.S.C. §1441(a), (b) and (c).

25.    Clearly, the payment that the Plaintiff seeks from Fidelity under the SFIP would be a "direct charge on the public treasury," and would be "binding" upon the federal government. *Gowland*, 143 F.3d at 955; and 44 C.F.R. Pt. 62, App. A, Art. II(F).

-7-

Case No.

26.   Pursuant to 28 U.S.C. §1331, and by operation of 28 U.S.C. §1441(a), (b) and (c), Fidelity asserts that there are multiple federal questions presented within the Plaintiff's Complaint thereby making the action removable pursuant to 28 U.S.C. §1331.

**D.   THERE IS SUPPLEMENTAL JURISDICTION OVER ANY STATE LAW CLAIMS**

27.   To the extent that any of the claims of the Plaintiff is not subject to federal jurisdiction, this Court has jurisdiction over all such claims under 28 U.S.C. §1367, which provides that "the district courts shall have supplemental jurisdiction over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution." 28 U.S.C. §1367. *See Exxon Mobile Corp. v. Allapattah Services, Inc.*, 125 S.Ct. 2611, 2620 (2005).

28.   Claims put at issue in the Plaintiff's Complaint arise from the property damage that they allegedly sustained as a result of Hurricane Katrina, and from their efforts to obtain flood insurance benefits as a result of that loss. As such, all of the Plaintiff's legal claims arise from the same nucleus of operative fact, that being the underlying flood loss claim, and all of the insurance issues arising therefrom.

**E.   PROCEDURAL REQUIREMENTS FOR REMOVAL HAVE BEEN MET**

29.   Fidelity notes that its first knowledge or notice of the suit was on April 5, 2010, a copy of which is attached hereto as part of Exhibit A.

30.   Venue is proper in this Court pursuant to 28 U.S.C. §1391(b), as the property and the majority of the transactions at issue occurred within the jurisdictional territory of this Court.

-8-

Case No.

31.    Pursuant to 28 U.S.C. §1446(a), attached hereto as Exhibit A is a copy of all processes,

pleadings, and orders served on Fidelity to date.

### CONCLUSION

WHEREFORE, Defendant, Fidelity National Property and Casualty Insurance Company, prays

that this Notice of Removal will be deemed good and sufficient, and that this matter will be accepted

onto this Court's docket.

Respectfully submitted,

J. Michael Pennekamp
Fla. Bar No. 983454
FOWLER WHITE BURNETT P.A.
Espirito Santo Plaza, 14th Floor
1395 Brickell Avenue
Miami, Florida 33131-3302
Telephone: (305) 789-9200
Facsimile: (305) 789-9201
E-mail: jmp@fowler-white.com
*Local Counsel for Fidelity National Property and*
*Casualty Insurance Company*

I HEREBY CERTIFY that a true and correct copy of the foregoing was mailed this 19th day
of April, 2010 to Jack Benmeleh/Ely R. Levy, MILITZOK & LEVY, The Yankee Clipper Law
Center, 3230 Stirling Road, Suite 1, Hollywood, FL 33021.

J. Michael Pennekamp

[BetH] W:\80415\NOTREM28.JMP{4/14/10-16:56}

-9-